# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| GILBERT FIELDING, State Prisoner, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | EP-19-CV-106-KC |
| § | | |
| LORI DAVIS, Director, Correctional § | | |
| Institutions Division, Texas Department § | | |
| of Criminal Justice, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Gilbert Fielding, state prisoner number 01434713, brings a petition for a writ of habeas corpus under 28 U.S.C. § 2254 before the Court. He challenges Respondent Lori Davis's custody over him based on his state-court conviction in the 41st Judicial District Court of El Paso County, Texas in cause number 20060D02215 for sexual assault, enhanced with a prior felony conviction for burglary of a habitation. *Fielding v. State*, 266 S.W.3d 627, 628 (Tex. App. 2008, pet. ref'd). He alleges the trial court improperly permitted an amendment to the indictment, he entered his plea involuntarily, and his counsel provided ineffective assistance. Pet'r's Pet. 6–7, ECF No. 1. He asks the Court to quash the indictment and order a new trial. *Id*. at 7.

For the reasons discussed below, the Court will dismiss Fielding's petition without prejudice. The Court will additionally deny him a certificate of appealability.

The Court notes Fielding filed a prior § 2254 petition attacking the same conviction on May 2, 2011. *Fielding v. Quarterman*, P-11-CV-00053-RAJ, Pet'r's Pet., ECF No. 1. The Court denied and dismissed the petition as time bared on November 16, 2011. *Id*., Order, ECF No. 10.

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L.

No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). It requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). More importantly, it bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to

the benefit of no party."). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature, but is now ripe. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998) ("There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief. The Court of Appeals was therefore correct in holding that respondent was not required to get authorization to file a 'second or successive' application before his . . . claim could be heard."). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context.").

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham v. Johnson*, 168 F.3d 762, 774 n.7 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

The Court finds Fielding clearly could have raised his claims in the instant petition in his prior petition. The Court denied Fielding's prior petition as time barred and not because his claims were not ripe or he failed to exhaust his state remedies. The Court concludes, therefore, that Fielding's instant pleading is a successive § 2254 application within the meaning of the

AEDPA. Moreover, because Fielding has not shown the requisite authorization from the Fifth Circuit Court of Appeals, the Court also concludes it lacks jurisdiction to hear his claims. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss Fielding's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit Court of Appeals.

The AEDPA also requires a certificate of appealability before an appeal may proceed in this matter. 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A circuit justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483–84 (internal quotations and citations omitted).

The Court concludes in this case that reasonable jurists would not find the Court's procedural rulings debatable. Consequently, the Court will not issue a certificate of appealability from its decision.

For the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that Gilbert Fielding's "Petition for a Writ of Habeas Corpus by a

Person in State Custody" 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Gilbert Fielding is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 22nd day of April, 2019.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**